820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Everett Ray SNYDER, Jr., Plaintiff-Appellant,
v.
GILES COUNTY JAIL; John E. Hopkins, III; Jess R.
Hazelwood, Defendant- Appellee.
 No. 87-7034.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 30, 1987.
Decided June 9, 1987.
 
 Before RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Everett Ray Snyder, Jr., appellant pro se.
 Robert F. Rider, for appellees.
 PER CURIAM:
 
 
 1
 Virginia inmate Everett Ray Snyder, Jr. filed this action pursuant to 42 U.S.C. Sec. 1983, alleging that between September 15, 1985 and January 30, 1986, he filed five grievances concerning mail tampering at the Giles County jail. Snyder stated that he gave the grievances to Chief Jailer Hazelwood, but no one answered them. Two grievances filed in February, 1986, were answered, but Snyder claimed that he was not permitted to appeal the decision. Secondly, Snyder claimed that he was placed in the jail's "drunk tank" for 1 1/2 hours after he threatened to file a grievance or lawsuit if certain of his privileges were suspended. Snyder complained about the conditions in the cell and about verbal abuse he received from the sheriff during this time. Finally, Snyder claimed that jail officials failed to protect him from an assault by another inmate. The district court denied relief. We affirm.
 
 
 2
 With respect to the grievance issue, we note that failure to respond to the grievances or to permit an appeal has no bearing on Snyder's ability to pursue his claim about mail tampering in court. Participation in the grievance system is entirely voluntary on the part of the inmate, and an inmate remains free to seek redress through the federal or state courts rather than through the prison procedure. As the decision to grant or deny the grievance is discretionary, the mere existence of the procedures themselves does not create a protected interest. See Olim v. Wakinekona, 461 U.S. 238 (1983); Hewitt v. Helms, 459 U.S. 460 (1983). See also Connecticut Board of Pardons v. Dumschat, 452 U.S. 458 (1981).
 
 
 3
 Accordingly, we affirm the district court's judgment on the grievance issue.
 
 
 4
 With respect to Snyder's remaining claims, a review of the record and the district court's opinion shows that the appeal is without merit. As the dispositive issues recently have been authoritatively decided, we dispense with oral argument and affirm the judgment below on the reasoning of the district court. Snyder v. Giles County Jail, C/A No. 86-0410-R (W.D.Va., Jan. 30, 1987).
 
 
 5
 AFFIRMED.